IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALSEY MINOR, an individual, | No. C 08-05445 WHA (Lead Case) |
| Plaintiff, | Consolidated with: |
| v. | No. C 09-00471 WHA |
| CHRISTIE'S, INC., a New York corporation, and DOES 1 through 20, inclusive, | |
| Defendants. / | **FINAL PRETRIAL ORDER** |
| CHRISTIE'S, INC, a New York corporation, | |
| Counterclaimant, | |
| v. | |
| HALSEY MINOR, an individual, and ROES 1 through 20, inclusive, | |
| Counterdefendants. / | |

**FOR GOOD CAUSE** and after a final pretrial conference, the Court issues the following final pretrial order:

1. This case shall go to a **JURY TRIAL** on **MAY 10, 2010**, at **7:30 A.M.**, and shall continue until completed on the schedule discussed at the conference.

2. Unlike the normal case where both sides, pursuant to the undersigned's standing order for civil jury trials, set forth a clear statement of the claims and defenses to be tried in their proposed joint pretrial order, counsel in the instant action have let the Court down by

failing to agree on *any* of the issues to be decided at trial. FRCP 16(d) and (e) authorize district courts to hold final pretrial conferences to formulate clear trial plans and issue final pretrial orders that "control[] the course of the action." The procedures for drafting final pretrial orders — as explained in the FRCP committee notes — are left to discretion of district local rules and individual judges. Here, the undersigned's "Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases" clearly state the following:

> "At least seven calendar days in advance of the final pretrial conference, please file . . . [a] joint proposed pretrial order, signed and vetted by all counsel, that contains: (i) a brief description of the substance of claims and defenses which remain to be decided, (ii) a statement of all relief sought, (iii) all stipulated facts, (iv) a list of all factual issues which remain to be tried, stating the issues with the same generality/specificity as any contested elements in the relevant jury instructions, [and other information] . . . ."

Instead of filing a *joint* description of the claims and defenses remaining for trial, however, each side presented separate and conflicting statements, interspersed with arguments. In short, counsel failed to comply with the normal practices required under the Guidelines. The filing submitted was neither joint nor helpful.

In these circumstances, the issues for trial will be strictly limited to those set forth in the operative pleadings. The only exception to this will be Halsey Minor's ninth claim for relief under Section 17200 of the California Business & Professions Code. Mr. Minor's own statement of the claims and defenses remaining for trial *did not include* this claim. As such, this order shall treat this claim as abandoned, and it is hereby **DISMISSED WITH PREJUDICE**.

With respect to whether plaintiff may assert *new* substantive claims for fraud, conversion, breach of fiduciary duty, and breach of an implied contract of bailment (related to the Richard Prince artworks) based upon the alleged fraudulent $25 million offer communicated by Christie's regarding a buyer in London, plaintiff will be limited to *the legal claims set forth in the operative pleadings*. Plaintiff, however, will be allowed to present evidence of the purported fraudulent $25 million offer — within the parameters set forth in the rulings on the motions *in limine* — to provide relevant background for the claim. Plaintiff should be aware, however, that this does *not* mean that unpled legal claims for relief will be submitted to the jury.

2

Rather, the claims and defenses presented to the jury will be limited to those set forth in the operative pleadings.

As such, the claims and defenses remaining for trial, with the exception of plaintiff's Section 17200 claim in the lead case, will be those set forth in the operative pleadings. Specifically, this includes Mr. Minor's first amended complaint in the lead case (Dkt. No. 27, CV 08-05445), Christie's answer to the amended complaint and counterclaims in the lead case (Dkt. No. 32, CV 08-05445), Mr. Minor's answer to Christie's counterclaims in the lead case (Dkt. No. 37, CV 08-05445), Christie's complaint in the consolidated action (Dkt. No. 1, CV 09-00471), and Mr. Minor's answer to Christie's complaint in the consolidated action (Dkt. No. 15, CV 09-00471).

3. Except for good cause, each party is limited to the witnesses and exhibits disclosed in the joint proposed final pretrial order less any excluded or limited by an order *in limine*. Materials or witnesses used solely for impeachment need not be disclosed and may be used, subject to the rules of evidence.

4. A jury of **TEN PERSONS** shall be used.

5. Each side shall have **FIFTEEN HOURS** to examine witnesses (counting direct examination, cross-examination, re-direct examination, re-cross examination, etc.). Opening statements and closing arguments shall not count against the limit.

6. The parties shall follow the Court's current *Guidelines for Trial and Final Pretrial Conference*, separately provided and available on the Internet at http://www.cand.uscourts.gov, which guidelines are incorporated as part of this order.

\*          \*          \*

This order also sets forth the rulings on the parties' motions *in limine*, which were argued at the final pretrial conference on April 19, 2010. As with the proposed joint pretrial order, the parties failed to reach a consensus on what was actually decided, forcing the Court to repeat what has already been said.

### 1. Christie's First Motion *in Limine*

With respect to whether plaintiff and counterdefendant Halsey Minor will not be allowed to contradict the allegations in the operative complaint that he "entered into the consignment agreement" with Haunch of Venison, the undersigned ruled that "if the plaintiff wants to pursue the four claims based on the Richard Prince Artworks, then the Court will read to the jury, upon request of the defendant, at an appropriate time in the trial, the allegation made in the operative complaint; namely, paragraph nine." Since Mr. Minor's counsel stated that plaintiff *will* be pursuing the Prince artworks claims, Christie's will be entitled to request that paragraph nine from the first amended complaint be read to the jury.

That said, the allegation in the complaint is *not* a judicial admission that would bar the presentation of contrary proof by plaintiff's counsel. As such, Mr. Minor may testify that there was no written contract, and that as far as he was concerned, he didn't enter into it. On cross-examination, however, at the request of Christie's counsel, the Court will then read the allegation in paragraph nine of the first amended complaint, and say something along the lines of "[t]his is the allegation that was made by authorized agents on behalf of plaintiff in this case." Christie's may also front this allegation in its opening statement, and then — at some point during the presentation of the evidence when it would be meaningful to the jury — request that the Court read the allegation in paragraph nine and provide a brief explanation as to its source and effect.

In sum, Christie's first motion *in limine* was **GRANTED IN PART** in that Mr. Minor will not be allowed to completely run away from the allegations in paragraph nine of the operative complaint, and **DENIED IN PART** in that plaintiff's counsel will be allowed to present contradictory evidence on this issue.

### 2. Christie's Second Motion *in Limine*

This motion touched upon whether plaintiff Minor, under FRCP 37(c), would be barred from introducing evidence or testimony contrary to admissions made in discovery and disclosures regarding an alleged $25 million offer made by Christie's for the Richard Prince

4

artworks. As explained at the final pretrial conference, Mr. Minor will *not* be barred from offering proof and testimony at trial that Christie's represented that it had a buyer in London who was prepared to pay $25 million for the Prince artworks. This information may provide relevant background to the legal claims and defenses as pled in the operative pleadings. Counsel for Christie's, however, will be allowed to use Mr. Minor's interrogatory responses or any other relevant evidence for purposes of impeachment. Under these parameters, the motion was **DENIED**.

### 3. Christie's Third Motion *in Limine*

By this motion, Christie's sought to exclude evidence or testimony that would contradict Mr. Minor's admission that he failed to pay for the New York and London artworks. As explained at the final pretrial conference, Christie's third motion *in limine* was **GRANTED IN PART** in that Mr. Minor will be held to his admission in the pleadings that he failed to pay for the New York and London Artworks. Counsel for Christie's may ask the Court to read the relevant paragraphs from the pleadings (specifically, paragraph 117 in Christie's counterclaims and the response thereto) and explain to the jury that the admission is binding on Mr. Minor. The motion, however, was **DENIED IN PART** in that Mr. Minor will be allowed to offer evidence or testimony as to *why* he failed to pay for these artworks. To the extent that this testimony contradicts his interrogatory responses or other relevant evidence, Christie's may use such evidence to impeach Mr. Minor at trial.

### 4. Christie's Fourth Motion *in Limine*

Both sides agree that this motion — which pertained to the exclusion of evidence or testimony irrelevant to defenses for breach of Mr. Minor's alleged obligation to pay for the New York or London artworks — was **DENIED WITHOUT PREJUDICE** to Christie's right to bring a motion pursuant to FRCP 50.

### 5. Christie's Fifth Motion *in Limine*

This motion focused on whether Mr. Minor would be allowed to introduce evidence or testimony contrary to findings made in the Merrill Lynch case from the Southern District of New York. As explained at the final pretrial conference, because there is no judicial estoppel

5

1 from Merrill Lynch case based upon an examination of the findings in that case, the motion was
2 **DENIED**. The question of whether and to what extent Christie's can introduce evidence or
3 testimony from other lawsuits is fully addressed in Mr. Minor's motions *in limine* below.

      **6.**     **Christie's Sixth Motion *in Limine***

For this motion, which targeted whether Mr. Minor could provide testimony as to the value of the artworks at issue in this litigation (and damages based upon these valuations), the undersigned accepted the proposal by plaintiff's counsel to preliminarily limit Mr. Minor's testimony as to the value of the Prince artworks to party admissions made by Christie's and to seek the Court's permission to go beyond such testimony. Counsel for Christie's did not object to this proposal. As such, the motion was **DENIED WITHOUT PREJUDICE** to Christie's renewing its objections if plaintiff's counsel seeks permission from the Court to go beyond the limited testimony set forth above.

      **7.**     **Halsey Minor's First Motion *in Limine***

By this motion, Mr. Minor sought to exclude Christie's presentation of evidence of Mr. Minor's financial condition. As explained at the final pretrial conference, the motion was **DENIED IN PART** as to Mr. Minor's financial condition at the time of the transactions in question and during the relevant time period in 2008, and **GRANTED IN PART** as to Mr. Minor's financial condition at times where such information would be irrelevant. The relevant time period would encompass when Christie's was holding on to the Prince artworks for security, and also when the first consignment was made (approximately May through November 2008). This ruling is without prejudice to plaintiff's counsel objecting on relevance grounds to certain pieces of evidence if they are too far removed in time from the transactions at issue in this case. As explained at the pretrial conference, the relevant time period cannot be measured with mathematical precision, and the Court would be inclined to admit evidence in the "ballpark" of the transactions at issue.

The undersigned also explained at the pretrial conference how the *current* financial condition of the parties would be used during the punitive damages stage of trial (if punitive damages are awarded). There was no dispute over those parameters.

### 8. Halsey Minor's Second Motion *in Limine*

This motion involved whether and to what extent Christie's would be allowed to introduce evidence of other lawsuits filed against Mr. Minor by third parties (such as Merrill Lynch and Sotheby's). As explained at the final pretrial conference, the Court distinguished between (1) transactions with third parties that were afoot within the relevant time period in 2008, (2) revealing to the jury the fact that these other lawsuits existed, (3) the ultimate judgments that were entered in those other lawsuits, and (4) deposition testimony given in the other proceedings.

With respect to evidence of transactions between Mr. Minor and third parties during the relevant time period, the motion to exclude such evidence was **DENIED.** Such evidence is relevant to a number of issues raised by both sides, such as whether Mr. Minor was financially overextended at the time or whether a prior pledge agreement with Merrill Lynch existed and involved the Prince artworks (which might violate terms or representations seen in the consignment agreement).

Mr. Minor's second motion *in limine*, however, was **GRANTED** with respect to the existence of the other lawsuits and the ultimate judgments entered in those lawsuits. The undersigned explained at the final pretrial conference that such information could *not* be raised without further permission of the Court, because the information could be too prejudicial. This exclusion, however, is not absolute. If Mr. Minor "opened the door" to such evidence while testifying, by — for example — denying at trial that in May 2008, he bid $13 million at Sotheby's and was the winning bidder, the information could then possibly come in. It will depend on the specific testimony elicited from Mr. Minor at trial.

Finally, the motion with respect to deposition testimony from other lawsuits is **DENIED**. Such testimony — so long as it goes to Mr. Minor's financial condition or pertains to transactions within the relevant time period — would be admissible for impeachment purposes only (unless such depositions were designated under Rule 26(a) or other reasons present themselves at trial). As mentioned above, counsel would *not* be allowed to mention that the

7

deposition was taken in a different legal proceeding, unless the door is somehow opened for that to be allowed.

**IT IS SO ORDERED.**

Dated: April 26, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE