United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALSEY MINOR, an individual, | No. C 08-05445 WHA (Lead Case) |
| Plaintiff, | Consolidated with: |
| v. | No. C 09-00471 WHA |
| CHRISTIE'S INC., a New York corporation, and DOES 1 through 20, inclusive, | |
| Defendants. / | **ORDER APPROVING SUPERSEDEAS BOND AND STAYING EXECUTION AND ENFORCEMENT OF THE JUDGMENT** |
| AND RELATED COUNTERCLAIMS. / | |

The undersigned has reviewed the stipulation filed by the parties on June 22, 2010, wherein plaintiff Halsey Minor voiced no objection to the supersedeas bond filed by Christie's Inc. and Christie, Manson & Woods Ltd. (collectively, "Christie's"). In this stipulation, both sides also agreed to stay all proceedings to execute or enforce the judgment pending the resolution of Christie's appeal.

In light of this agreement, the parties' stipulation and the supersedeas bond are both **APPROVED**. All efforts to execute and enforce the judgment in this action are **STAYED** under the Court's discretionary authority set forth in FRCP 62(b) in light of the pending Rule 59 motions to amend the judgment. Once these motions are resolved, all efforts to execute and enforce the judgment in this action will remain stayed under FRCP 62(d) pending the resolution of Christie's

1  appeal. Finally, Christie's motion to stay enforcement of the judgment — now moot in light of
2  this order and the parties' stipulation — will be deemed **WITHDRAWN**.

3                               *           *           *

4      A letter has arrived from counsel for a judgment creditor of our successful plaintiff who
5  owes money to the judgment creditor stemming from a separate action in New York. Neither that
6  lawyer nor that judgment creditor is a party to the instant action. Putting aside whether a mere
7  letter was the proper way to present the information therein, the Court has nevertheless
8  considered the information. The rights of the judgment creditor do not include the right to
9  conduct the instant litigation on behalf of any of the instant parties. Those parties have settled a
10 motion to stay execution and enforcement of the judgment herein in exchange for a supersedeas
11 bond in the amount of $12,855,000. This arms-length stipulation is fair for the instant parties
12 herein even if non-ideal for bystanders in New York who are not parties to this action. The
13 reason is that if Christie's pending appeal results in a reversal herein, all collections on the
14 judgment would have to be reversed as well. It is best to wait and see if the judgment is affirmed.
15 If it is, then there will be ample money (from Christie's) in the judgment to fund the New York
16 court's orders.

17     The parties to the instant action should not, of course, try to settle via some scheme to
18 defeat the process of the New York court. To that end, and as a matter of comity to our sister
19 district in Manhattan, counsel and the parties herein are directed to give 30 days written advance
20 notice to this Court as well as counsel for the judgment creditor (Sotheby's) before in any way
21 implementing any present or future settlement or compromise of the rights acquired by the
22 judgment herein.

23

24     **IT IS SO ORDERED.**

25

26 Dated: June 23, 2010.

                              WILLIAM ALSUP
                              UNITED STATES DISTRICT JUDGE