JOSÉ R. ALLEN (Bar No. 122742)
RICHARD J. ZUROMSKI, JR. (Bar No. 227569)
JOAN E. SHREFFLER (Bar No. 245629)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Embarcadero Center, Suite 3800
San Francisco, California 94111-4144
Telephone: (415) 984-6400
Facsimile: (415) 984-2698
Email: jrallen@skadden.com; rzuromsk@skadden.com;
jshreffl@skadden.com

Attorneys for Defendant and Counterclaimant CHRISTIE'S INC.
and for Plaintiff CHRISTIE MANSON & WOODS, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HALSEY MINOR, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTIE'S INC., a New York Corporation, and DOES 1 through 20, inclusive,<br><br>Defendant.<br>______________________________<br>CHRISTIE'S INC., a New York corporation,<br><br>Counter-Claimant,<br><br>v.<br><br>HALSEY MINOR, an individual, and DOES 1 through 20, inclusive,<br><br>Counter-Defendants. | CASE NO.: CV 08 5445 WHA (Lead Case)<br>CASE NO.: CV 09 0471 WHA<br><br>Assigned to Hon. William H. Alsup<br><br>**CHRISTIE'S OPPOSITION TO PLAINTIFF AND COUNTER-DEFENDANT HALSEY MINOR'S MOTION FOR A DETERMINATION THAT MINOR IS THE PREVAILING PARTY, ENTITLED TO RECOVER ATTORNEY'S FEES**<br><br>Date: July 15, 2010<br>Time: 8:00 AM<br>Dept: Courtroom 9<br>Judge: Hon. William H. Alsup |

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ........ ii

I. INTRODUCTION ........ 1

II. BACKGROUND ........ 1

III. ARGUMENT ........ 2

A. Minor Is Not Entitled To Attorney's Fees Under California Civil Code § 1717 ........ 3

B. The Attorney's Fee Provision In Christie's Conditions Of Sale Precludes Minor From Recovering Any Attorney's Fees On His Tort Claims ........ 6

C. Minor Is Not Entitled To Attorney's Fees Simply Because Christie's Asserted The May Conditions Of Sale As A Defense ........ 8

IV. CONCLUSION ........ 9

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

Brusso v. Running Springs Country Club, Inc., 228 Cal. App. 3d 92 (1991) ........ 3

Dell Merk, Inc., v. Franzia, 132 Cal. App. 4th 443 (2005) ........ 4

Exxess Electronix v. Heger Realty Corp., 64 Cal. App. 4th 698 (1998) ........ 4, 6

Federal Deposit Insurance Corp. v. Dintino, 167 Cal. App. 4th 333 (2008) ........ 3, 5

Moallem v. Coldwell Banker Commercial Group, Inc., 25 Cal. App. 4th 1827 (1994) ........ 6, 7

Santisas v. Goodin, 17 Cal. 4th 599 (1998) ........ 2

Sears v. Baccaglio, 60 Cal. App. 4th 1136 (1998) ........ 7

Silvaco Data Systems v. Intel Corp., 184 Cal. App. 4th 210 (2010) ........ 4

Stout v. Turney, 22 Cal. 3d 718 (1978) ........ 5

Thompson v. Miller, 112 Cal. App. 4th 327 (2003) ........ 8

White v. Greenwood, 52 Cal. App. 737 (1921) ........ 4

Zedner v. United States, 547 U.S. 489 (2006) ........ 5

**STATUTES**

Cal. Civ. Code § 1717 ........ passim

Cal. Civ. Code § 1717(a) ........ 3

## I. INTRODUCTION

On May 21, 2010, following jury verdicts, this Court entered judgments in favor of Christie's Inc. and Christie, Manson, & Woods Ltd. (collectively "Christie's") on their breach of contract claims against Halsey Minor ("Minor"). The Court also entered judgment in favor of Minor on his claims for conversion, fraud, and breach of implied contract of bailment regarding the Prince Artworks. Through his motion for attorneys' fees, Minor now seeks to recover fees to which he argues he is entitled as the prevailing party on his claims. The law, however, does not provide for Minor's recovery of attorneys' fees here. California Civil Code section 1717, upon which Minor relies, applies only to contract claims, and none of Minor's claims can reasonably be labeled as such. In fact, Minor's counsel expressly affirmed at the pre-trial conference that he had no claims based on breach of an express contract that would provide for such a finding.[1] Against this backdrop, Minor's request for attorneys' fees must be denied.

## II. BACKGROUND

On December 3, 2008, Halsey Minor filed a complaint that was later amended on March 20, 2009. Minor's First Amended Complaint ("FAC"), the operative complaint in this case, included claims for: (1) conversion; (2) breach of implied contract of bailment; (3) breach of fiduciary duty; (4) fraud; (5) violation of business of professions code §17200; and (6) declaratory relief. However, by the time Minor brought his case before a jury at trial, only three non-contractual claims remained: conversion, fraud, and breach of implied contract of bailment.[2]

---

[1] At the April 19, 2010 pre-trial conference Minor's counsel conceded that Minor did not have any contract claims: " [W]e didn't sue for any breach of agreement. All of the claims we have are tort claims." (Pre-trial Conf. Tr. at 7:12-13); "In fact, your Honor, there is no breach of contract claim whatsoever in this action." (<u>Id.</u> at 23:3-4.) A copy of the relevant excerpts from the Pre-trial Conference Transcript is attached as Ex. A to the Declaration of Jose R. Allen In Support of Christie's Opposition to Plaintiff and Counter Defendant Halsey Minor's Motion For A Determination That Minor Is The Prevailing Party, Entitled To Recover Fees ("Allen Decl.").

[2] Christie's disputes that the implied contract of bailment claim was even operative at the time it was submitted to the jury based on Minor's counsel's concession during trial that he did not intend to pursue this claim. (5/12/10 Trial Tr. at 401:16-402:3.) (Allen Decl. Ex. B.) As discussed in the accompanying opposition to Minor's Motion to Amend or Alter the Judgment, Christie's believes that Minor is not entitled to possession of the April Artworks.

Christie's denied wrongdoing on these claims and counterclaimed with its own claims for breach of contract, fraud, and intentional and negligent misrepresentation. At the close of trial, Christie's received favorable jury verdicts on its breach of contract claims and Minor received favorable jury verdicts on his conversion, fraud, and breach of implied contract of bailment claims. Each of Minor's claims related to the Prince Artworks, which were not subject to any contract between Minor and Christie's that could form the basis of a fee award. He also received a favorable jury verdict on his conversion claim for the April Artworks. Minor now seeks to recover attorney's fees for his non-contractual claims even though such claims are entirely unsupported by California law. Minor's attempt to seek refuge within the auspices of California Civil Code section 1717 is misguided because he did not prevail on a single contract claim and therefore cannot meet the threshold requirement for recouping attorney's fees pursuant to section 1717.

## III. ARGUMENT

Minor claims that he should recover attorney's fees pursuant to California Civil Code section 1717 because he is the prevailing party with respect to his April Artwork claim. Minor concedes that the only claim related to the April Artworks on which he prevailed was a claim for conversion. (Motion Of Halsey Minor For A Determination That Minor Is The Prevailing Party Entitled To Recover Attorney's Fees ("Fee Motion") at 5:1-4.) Conversion, however, sounds in tort rather than contract. Despite Minor's attempt to conflate the analysis, the California Supreme Court has held that contract and noncontract claims are analyzed separately for the purposes of determining the "prevailing party" for a fee award. See Santisas v. Goodin, 17 Cal. 4th 599, 615 (1998) (affirming Court of Appeal conclusion that California Civil Code section 1717 is limited to contract claims). The California Supreme Court has held that section 1717 cannot be invoked to award fees on noncontract claims. Santisas, 17 Cal. 4th at 615 ("If an action asserts both contract and tort or other noncontract claims, section 1717 applies only to attorneys fees incurred to litigate the contract claims.").

Furthermore, the Conditions of Sale for the April Artworks were not introduced into evidence at trial. Minor, therefore, cannot point to a contract, let alone a fee provision on which he

relied in pursuit of his conversion claim. Thus, section 1717 does not provide Minor with an avenue to recover fees for his April Artwork conversion claim.

Minor also contends that he is entitled to attorney's fees in connection with the April Artworks *and* the Prince Artworks - which were not the subject of any written agreement between Minor and Christie's - because Christie's asserted the May Conditions of Sale as defenses to those claims. Not surprisingly, Minor fails to provide any pertinent law to support his contention.

**A. Minor Is Not Entitled To Attorney's Fees Under California Civil Code § 1717**

Minor claims he is the prevailing party with respect to his claim regarding the April Artworks and consequently is entitled to recovery of attorneys' fees pursuant to section 1717. However, Civil Code section 1717(a) only permits recovery of attorneys' fees following an action to enforce a contract that specifically entitles the prevailing party to recover its fees. Section 1717(a) provides:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs. (Emphasis added).

Section 1717, by its own terms, is thus limited to only those actions where the theory of the case is breach of contract and where the contract sued upon specifically provides for an award of attorneys' fees incurred to enforce that specific contract. F.D.I.C. v. Dintino, 167 Cal. App. 4th 333, 357 (2008) ("Civil Code section 1717 has a limited application. It covers *only* contract actions, where the theory of the case is breach of contract, and where the contract sued upon itself specifically provides for an award of attorney fees incurred to enforce *that* contract.") (citation and internal quotation marks omitted); Brusso v. Running Springs Country Club, Inc., 228 Cal. App. 3d 92, 101 (1991) ("Civil Code section 1717 creates a reciprocal right to attorney's fees where the subject of the litigation is breach of a contract containing an attorney's fees provision"). Although Minor arguably prevailed on his claim for conversion of the April Artworks,[3] section 1717 does not

[3] The judgment entered on May 21, 2010 does not reflect that Minor prevailed on his claim for conversion of the April Artworks. (Judgment ¶¶ 1-3.) Moreover, as Christie's points out in its

*(cont'd)*

provide the remedy he seeks here. Conversion claims sound in tort rather than contract. White v. Greenwood, 52 Cal. App. 737, 744 (1921) ("[T]he action of conversion sounds in tort"); Silvaco Data Sys. v. Intel Corp., 184 Cal. App. 4th 210, 238 (2010) ("The essence of conversion is the 'wrongful exercise of dominion over the personal property of another.' 'The basic elements of the tort are (1) the plaintiff's ownership or right to possession of personal *property;* (2) the defendant's disposition of the *property* in a manner that is inconsistent with the plaintiff's *property rights;* and (3) resulting damages.'") (citations omitted). As Minor did not prevail on a single contract claim with regard to the April Artworks, he cannot rely on section 1717 to recover attorneys' fees.

Minor argues that the language of section 1717 should be read broadly to include his claim for conversion. Minor cites Dell Merk, Inc., v. Franzia to support his contention: "As long as the action 'involve[s]' a contract it is 'on [the] contract' within the meaning of Section 1717." 132 Cal. App. 4th 443, 455 (2005) (citations omitted). The underlying litigation between the parties in Dell Merk involved a construction contract dispute. In Dell Merk, defendant claimed attorney's fees after successfully defending against another party's contract claims even though defendant was not a signatory to the contract that contained the attorney fee provision. The court found the contractual claim to be "baseless." However the weakness of the claim bore no effect on the defendant's ability to recover fees. A weak contract claim was still a contract claim and a broad reading of section 1717 allowed for recovery of fees even when the contractual claim lacked adequate foundation.

Unlike the facts in Dell Merk, Minor's claim for conversion cannot be viewed as a contract claim. Even the broadest of interpretations of section 1717 cannot convert a claim for conversion into a contract claim. Minor argues that the language of section 1717 should be read broadly to include his claim for conversion, but the case law clearly establishes that section 1717 is not meant to include tort claims. Exxess Electronix v. Heger Realty Corp., 64 Cal. App. 4th 698, 708 (1998).

---

*(cont'd from previous page)*
accompanying Opposition To Halsey Minor's Motion To Alter Or Amend Judgment, Christie's believes several reasons exist that show Minor is not entitled to possession of the April Artworks.

("[The] distinction between contract and tort claims flows from the fact that a tort claim is not 'on a contract' and is therefore outside the ambit of [Civil Code] section 1717.").

Even if Minor tried to apply section 1717 to the claims on which he prevailed for the Prince Artworks, he would still come up short. Those claims for fraud, conversion, and breach of implied contract of bailment were not brought pursuant to a contract with a fee provision. The only contract that arguably could have applied to those claims was the Haunch of Venison ("HOV") Consignment Agreement, but that agreement does not contain an attorney's fee provision. (Trial Ex. 35.) Furthermore, the fraud and conversion claims for the Prince artworks also sound in tort and are not considered "actions on a contract" within the meaning of section 1717. Stout v. Turney, 22 Cal. 3d 718, 730 (1978) ("A tort action for fraud arising out of a contract is not, however, an action 'on a contract' within the meaning of this section [1717]."). Minor cannot, therefore, recover attorney's fees pursuant to section 1717.

The language of section 1717 also requires that a claim which forms the basis of a fee award be one that was brought to enforce the contract. F.D.I.C., 167 Cal. App. 4th at 357. Minor argues that he brought his claim for conversion of the April Artworks in order to enforce the terms of the Conditions of Sale for the April Artworks. He argues that his "undeniable right to possession of the April Artworks derives directly from the Conditions of Sale governing the April auctions." (Fee Motion at 5:4-6.) First, Minor's argument represents his first reference throughout the case to the Conditions of Sale for the April Artworks. At no point throughout the trial did Minor admit the Conditions of Sale for the April Artworks into evidence. For Minor to rely on the language of the Conditions of Sale for the April Artworks now, in a post trial attempt to recover attorney's fees when he did not deem it important or necessary to enough to rely on in support of his conversion claim *during* trial, is disingenuous. In addition, Minor expressly stated that he was not pursuing any claims based on contract. To argue that he filed an action to enforce an agreement that was never pleaded in the complaint and was not admitted into evidence at trial defies logic. Minor should be judicially estopped from asserting that he was, after all, seeking to enforce the Conditions of Sale for the April Artworks. See Zedner v. United States, 547 U.S. 489, 503 (2006) (holding that "'where a party assumes a certain position in a legal proceeding, and

succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him'" (quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)).

Second, section 1717 specifies that a tort claim does not "enforce" a contract. Exxess Electronix, 64 Cal. App. 4th at 709 ("Civil Code section 1717, subdivision (a), makes clear that a tort claim does not 'enforce' a contract. That statute expressly refers to, and therefore governs 'attorney's fees . . . which are incurred to enforce th[e] contract.' Because section 1717 does not encompass tort claims, it follows that tort claims do not 'enforce' a contract.") (citations omitted). As discussed above, Minor's claim for conversion of the April Artworks sounds in tort and therefore cannot be used to enforce the Conditions of Sale for the April Artworks. Therefore, any award of attorney's fees that Minor seeks pursuant to the Conditions of Sale for the April Artworks cannot be sustained on the theory that his tort claims were brought to "enforce the terms" of the April Conditions of Sale.

**B. The Attorney's Fee Provision In Christie's Conditions Of Sale Precludes Minor From Recovering Any Attorney's Fees On His Tort Claims**

Where a contract contains a unilateral fee provision authorizing fees to only one party and not the other, there is no basis for reciprocal fees under Civil Code section 1717 where the other party prevails on a tort claim. Moallem v. Coldwell Banker Commercial Group, Inc., 25 Cal. App. 4th 1827 (1994). Christie's Conditions of Sale contains a unilateral fee provision. The fee provision specifies that "If the buyer fails to make payment in full in good cleared funds within the time required . . . we [Christie's] shall be entitled in our absolute discretion to . . . hold the defaulting buyer liable for the total amount due and to commence legal proceedings for its recovery together with interest, legal fees and costs to the fullest extent permitted under applicable law." (Trial Ex. 344 ¶ 4(f).) Given Christie's unilateral fee provision, Minor's plea for reciprocal fees pursuant to section 1717 on his tort claims must fail.

In Moallem, the court denied the plaintiff's request for fees under a contract that only provided for the defendant's recovery of attorney's fees for any "'legal action . . . relating to' the

contract." 25 Cal. App. 4th at 1831. Plaintiff's request for attorney fees under Civil Code section 1717 was denied at trial because the judgment in his favor was for negligence and breach of fiduciary duty but not for breach of contract. Although the language in the agreement was broad enough to include tort claims, the attorney fee provision was unilateral and therefore did not apply to him. Plaintiff tried to use section 1717 to argue that the public policy of reciprocity of non-contractual attorney fee provisions should apply to his case; however the Court concluded that section 1717 applied only to parties prevailing on contract claims and any attempt to extend the theory of reciprocity to a case involving only non-contractual claims was too far-reaching. Id.

Minor warns that Christie's cannot avoid section 1717 by narrowly interpreting its fee provision to apply solely to claims brought by Christie's when a buyer fails to make payment. Minor cites Sears v. Baccaglio, 60 Cal. App. 4th 1136, 1146 (1998) in support of his claim. However, Sears reiterates that the mutuality of attorney's fee provisions applies on *contract* actions. As the Court stated: "[W]e hold that section 1717 permits fees and costs to be awarded in *contract actions* where the contract provides for an award to the prevailing party, as well as in cases where the contract purports to permit fees only to a specified party." 60 Cal. App. 4th at 1149. (emphasis added.) The decision of the court in Sears comports with Christie's interpretation of the statute.

Minor's argument that the unilateral right to attorney's fees in Christie's contract should be available to him too by dint of what he perceives as the public policy of mutuality of remedy established by section 1717 should be rejected. The public policy of mutuality of remedy established by section 1717 applies only to attorney fees for contract actions, not tort claims. Moallem, 25 Cal. App. 4th at 1832 (“[T]he Legislature has prescribed with clarity that the public policy [prevailing party] seeks to invoke presently applies *only to attorney fees for contract actions, not tort claims*.” (emphasis added.) Furthermore, the Court is "not free to advance the public policy that underlies a statute by extending the statute beyond its plain terms and established reach." Id. at 1833.

The fact that the agreement in this case specifically limits entitlement to attorney fees to Christie's is dispositive with regards to Minor's efforts to recover attorneys' fees on his non-

contractual claims. Accordingly, Minor's request for fees is unsupported by the terms of the contract and section 1717.

### C. Minor Is Not Entitled To Attorney's Fees Simply Because Christie's Asserted The Conditions Of Sale For The May Artworks As A Defense

Minor claims he is entitled to recover the fees incurred in litigating his claims to the Richard Prince Artworks and the April Artworks because Christie's asserted the Conditions of Sale for the May Artworks as a defense to those claims. To support his argument, Minor cites Thompson v. Miller, 112 Cal. App. 4th 327 (2003). Minor's reliance on Thompson to maintain his argument is misplaced. Thompson does not stand for the proposition that merely raising a contract in defense to claims necessitates the recovery of attorney's fees. Although the defendant in Thompson prevailed using the contract to defend against plaintiff's claims, the Court found that since the dispute arose under the contract and the fee provision had a prevailing party standard, the defendant was entitled to recover attorney's fees.[4] The Court in Thompson made it clear that the scope of the fee provision, and not simply the act of raising a contractual defense, determined whether or not a contractual defense would result in the recovery of attorney's fees. See Thompson, 112 Cal. App. 4th at 333-37.

The scope of the attorney's fee provision in this case does not provide for Minor's recovery of fees on his noncontract claims. The attorney's fee provision in the Conditions of Sale for the May Artworks is *not* reciprocal. It specifically provides for *Christie's* recovery of attorney's fees as opposed to a *prevailing party*. Furthermore the right to recover attorney's fees does not arise pursuant to "any dispute" under the agreement. Rather, the award of fees is limited to instances where Christie's commences legal proceedings to recover payment for amounts due upon the buyer's failure to pay in full. Regardless of what defense Christie's raised, Minor is not entitled to recover attorney's fees for his non-contractual claims.

[4] The fee provision in Thompson stated that: "The *prevailing party* in *any dispute* under this Agreement shall be entitled to reasonable attorney fees incurred in such dispute." Thompson, 112 Cal. App. 4th at 333 (emphasis added.)

Finally, Christie's was the only party to *prevail* on a contract claim.[5] Therefore, Christie's is clearly the only party entitled to recovery of attorney's fees pursuant to its Conditions of Sale. Minor, on the other hand, has not asserted the contract at all in his claims. It is illogical to find that Christie's entitlement to fees evaporates while Minor recovers fees merely because Christie's raised its Conditions of Sale as a defense. To allow Minor's recovery of attorney's fees pursuant to an agreement on which Christie's was the prevailing party is unjustified. Such an expansive reading of section 1717 cannot be harmonized with California law.

## IV. CONCLUSION

For the reasons set forth above, Minor's Motion For A Determination That Minor Is The Prevailing Party, Entitled To Recover Attorney's Fees should be denied.

DATED: June 24, 2010

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ José R. Allen
José R. Allen
Attorneys for Defendant and Cross-Complainant CHRISTIE'S INC. and Plaintiff CHRISTIE MANSON & WOODS LTD.

[5] As disclosed at the pretrial conference, none of Minor's claims were based on any written contract with a fee provision of any type. (Allen Decl. Ex. A at 7:12-13; 23:3-4.)