1
2
3
4
5
6                           IN THE UNITED STATES DISTRICT COURT

7                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9

10   HALSEY MINOR, an individual,              No. C 08-05445 WHA (Lead Case)

11                Plaintiff,                   Consolidated with:

12      v.                                     No. C 09-00471 WHA

13   CHRISTIE'S INC., a New York corporation,
     and DOES 1 through 20, inclusive,
14                                             **ORDER REGARDING CROSS-
                                               MOTIONS FOR ATTORNEY'S
15                Defendants.                   FEES AND VACATING
                                    /           HEARING**
16   AND RELATED COUNTERCLAIMS.
                                    /
17
18   CHRISTIE'S INC., a New York corporation,

19                Counterclaimant,

20      v.

21   HALSEY MINOR, an individual, and ROES 1
     through 20, inclusive,
22
                  Counterdefendants.
23                                  /

24                                  **INTRODUCTION**

25          In a jury trial, both sides prevailed on the bulk of their respective claims.  The parties now

26   move for attorney's fees.  For the reasons stated below, the motions are **GRANTED IN PART AND**

27   **DENIED IN PART.**  The hearing on these motions is **VACATED**.

28

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

**STATEMENT**

The dispute began when plaintiff Halsey Minor sued Christie's Inc. for wrongfully refusing to return seven Richard Prince original artworks from May until November 2008 (Minor Compl. ¶¶ 7-17). Minor's complaint alleged that he had an agreement with Christie's in New York that it would act as Minor's agent for the purpose of receiving the Prince Artworks from Haunch of Venison in London, and then return the artworks to Minor (Minor Compl. ¶¶ 18-24). While there was no formal contract, Minor alleged that his discussions with Christie's constituted an implied contract of bailment, and that Christie's breached this contract when it refused to return the Prince Artworks (*ibid.*), opting instead to hold these works as collateral for unrelated debts. Minor also claimed that he was the highest bidder and had paid for artworks in an April 2008 New York auction ("April Artworks"), but Christie's had not delivered them to him.

Christie's counterclaimed that Minor was the highest bidder in a New York auction in May 2008 but had failed to pay for the three artworks he had purchased ("May Artworks") (Christie's Opp. ¶ 50). For that reason, Christie's said it was entitled to keep the Prince Artworks as security (*ibid.*). Christie, Manson & Woods Ltd. ("CMW"), the London branch of Christie's Inc., then filed a fresh complaint against Halsey Minor for not paying for two artworks that he was the highest bidder on in a London auction in July 2008 ("July Artworks") (Christie's Compl.¶¶ 7-14). The actions were consolidated.

At a jury trial, Minor prevailed on claims for breach of contract, conversion, and fraud for the Prince Artworks, and was awarded $8,570,000 (Dkt. No. 131 at 2-3). He also prevailed on his claim of conversion for the April Artworks, and was awarded one dollar in nominal damages (*id.* at 3-4). Christie's prevailed on its breach of contract claims for the May Artworks and July Artworks, and was awarded $417,000 and $994,716.06, respectively (*id.* at 4-6).

**ANALYSIS**

**1.    APPLICABLE LEGAL STANDARD.**

California law governs the award of attorney's fees. Christie's and Minor both assert attorney's fees claims based on the contracts governing each transaction. California Code of Civil Procedure § 1021 allows "the measure and mode of compensation of attorneys and

1    counselors at law [to be] left to the agreement, express or implied, of the parties," with an

2    exception for when they are specifically provided for by statute.  Even when attorney's fees

3    clauses are one-sided, California Civil Code § 1717 requires that the attorney's fees provision be

4    given reciprocal application:

> "In any action on a contract, where the contract specifically provides that
> attorney's fees and costs, which are incurred to enforce that contract, shall be
> awarded either to one of the parties or to the prevailing party, then the party who is
> determined to be the party prevailing on the contract, whether he or she is the party
> specified in the contract or not, shall be entitled to reasonable attorney's fees in
> addition to other costs."

9    Cal. Civ. Code § 1717(a).  Section 1717 is limited to contract claims; tort claims must be

10   analyzed separately.  *Santisas v. Goodin*, 17 Cal. 4th 499, 615 (1998).

11       The trial court "shall determine who is the party prevailing on the contract."  Cal. Civ.

12   Code § 1717(b)(1).  "[T]he party prevailing on the contract shall be the party who recovered a

13   greater relief in the action on the contract."  *Ibid.*  "The Legislature replaced the term 'prevailing

14   party' with the term 'party prevailing on the contract,' evidently to emphasize that the

15   determination of prevailing party for purposes of contractual attorney fees was to be made

16   without reference to the success or failure of noncontract claims."  *Hsu v. Abbara,* 9 Cal. 4th 863,

17   873-74 (1995).  Thus, the focus of the inquiry is who is the prevailing party for each contract

18   claim; "[w]here a cause of action based on the contract providing for attorney's fees is joined with

19   other causes of action beyond the contract, the prevailing party may recover attorney's fees under

20   section 1717 only as they relate to the contract action."  *Reynolds Metals Co. v. Alperson*, 25 Cal.

21   3d 124, 129 (1979).

22       "California courts construe the term 'on a contract' liberally.  As long as the action

23   involves a contract it is 'on the contract' within the meaning of section 1717."  *Turner v. Schultz*,

24   175 Cal. App. 4th 974, 979-80 (2009) (citations omitted).  Additionally, if an attorney's fee clause

25   provides for an award of fees incurred in enforcing the contract, the prevailing party is entitled to

26   fees for *any* action on the contract, whether incurred offensively or defensively.  *Id.* at 980.  If the

27   judgment was a simple, unqualified win on a contract claim, then the trial court has no discretion

28   and must award attorney's fees as a matter of right.  *Hsu v. Abbara,* 9 Cal. 4th at 876.  Otherwise,

**United States District Court**
For the Northern District of California

the trial court must compare the relief of the awarded with the parties' demands and objectives to determine the extent that each party succeeded. *Ibid.* The trial court has "broad equitable discretion" to determine which party prevailed, or if neither prevailed. *Sears v. Baccaglio*, 60 Cal. App. 4th 1136, 1152 (1998).

### 2.   ATTORNEY'S FEES FOR THE  MAY AND JULY ARTWORKS FOR CHRISTIE'S

The same contract terminology in the conditions of sale governs the sale of the May and July Artworks, which in pertinent part provided:

> "If the buyer fails to make payment in full in good cleared funds . . . we shall be entitled in our absolute discretion to exercise one or more of the following remedies . . . (ii) to hold the defaulting buyer liable for the total amount due and to commence legal proceedings for its recovery together with interest, *legal fees and costs* to the fullest extent permitted under applicable law"

(Allen Decl. Exh. A at 3; Allen Decl. Exh. B at 3) (emphasis added).  The conditions of sale contracts unambiguously provided for attorney's fees to the prevailing party enforcing the contract.  Christie's prevailed on its two claims to enforce the conditions of sale against Minor for the May Artworks and July Artworks.  The jury found that Minor had breached these contracts (Dkt. No. 131 at 4, 6), and Minor himself and his counsel conceded that he had agreed to the contract and was bound by its terms (Tr. 439, 447, 910).  Therefore, Christie's is entitled to recover attorney's fees pursuant to its enforcement of these two contracts claims for the May and July Artworks.  This order finds that it is the prevailing party on these two contract claims.

The opposition gives several reasons why Christie's is not entitled to attorney's fees on the May and July Artworks.  *First*, Minor argues that because Christie's also used the sales contract for the May Artworks as an affirmative defense against the Prince Artwork claims (Christie's Opp. ¶ 50), which then lost, Christie's did not win the greater action on the May Artworks conditions of sale (Minor Attorney's Fees Opp. 6-7).  This reasoning conflates two different "actions on the contract."  One action involved the claims for the Prince Artworks and the other action was based on the May Artworks' Condition of Sale.  The fact that the affirmative defense referenced the same contract does not mean it was the same "action on the contract."  In other words, just because Minor prevailed on the Prince Artworks claims, this does not mean that Christie's cannot be the prevailing party on the May Artworks claims.

United States District Court

For the Northern District of California

*Second*, Minor argues that because Christie's was awarded less damages than it originally sought, it did not prevail on the May or July Artworks (Minor Attorney's Fees Opp. 7-9, 10-12). Christie's originally asked for over six million dollars in damages for the May Artworks (Lardiere Decl. Exh. 1 at 6) and over three million dollars before the trial (Dkt. No. 60 at 39), but eventually was awarded only $417,000 (Dkt. No. 131 at 4). Similarly, CMW originally asked for over $7 million (Lardiere Decl. Exh. 2 at 6), but it was only awarded $994,716 (Dkt. No. 131 at 4). However, it was the jury instructions that limited Christie's recovery, and the jury awarded Christie's most of what it was eligible to recover (Dkt. No. 125 ¶¶ 47, 52).

*Third*, Minor argues that because Christie's did not prevail on its claim for fraud based on false promise (Dkt. No. 60 at 39), it should not be considered the prevailing party (Minor Attorney's Fees Opp. 9-10, 12-13). Unlike in *Hsu*, this action was not a "simple, unqualified win" because Christie's did not receive all the damages it asked for or prevail on the fraud claims. Under these circumstances, the trail court must compare the relief each party was awarded with their objectives to determine who won the greater relief, and has broad discretion to determine who is the prevailing party based on equitable considerations. For the May and July Artworks, Christie's sought to establish that Minor breached the conditions of sale, and it was thus entitled to damages. Minor raised the affirmative defense of nonperformance, but did not prevail. Because the jury unequivocally found that Christie's prevailed on its breach of contract claims, Christie's is clearly the prevailing party on these claims.

### 3.     MINOR'S ATTORNEY'S FEES FOR THE APRIL ARTWORKS.

Minor's purchase of the April Artworks was governed by the same conditions of sale terms that governed the May and July Artworks and provided for attorney's fees (McLean Decl. Exh. A at 3; McLean Decl. Exh. B at 3, 6). Even though this language favored only Christie's, under Section 1717(a) it must be interpreted reciprocally so that a plaintiff seeking to enforce the sales contract against Christie's would also receive attorney's fees. Minor's claim was pursuant to the conditions of sale, which should be read to reciprocally to provide for his recovery of attorney's fees. The conditions of sale provided in pertinent part that "the buyer must pay the full amount due," and only after that will the buyer "acquire title to the lot," but otherwise Christie's

*United States District Court*
For the Northern District of California

will "be entitled to retain [the] items sold."  (McLean Decl. Exh. A at 2, McLean Decl. Exh. B at 2, 5).  Thus, Minor's conversion claim was predicated on the terms of the contract, which only allow Christie's to maintain possession of the artworks until payment, after which the title passed to the buyer.  Because Christie's is entitled to attorney's fees for enforcing a claim if the buyer did not pay for artwork, so too is Minor entitled to attorney's fees for enforcing his claim when Christie's did not cease its possession of the April Artworks after they were paid for.

Christie's gives several reasons why Minor is not entitled to attorney's fees on the April Artworks.  *First*, Christie's argues that because this is a claim for conversion, it is a tort claim and not a contract claim (Christie's Attorney's Fees Opp. 3-5).  Christie's cites *White v. Greenwood*, 52 Cal. App. 737, 743-44 (1921), which held that a counterclaim was improperly filed because a claim for conversion sounds in tort, not contract.  These motions, however, are not about counterclaims.  They are about attorney's fees.  For attorney's fees, the district court is mandated to construe actions "on the contract" liberally.  As long as a claim involves a contract, then it will be deemed "on the contract" for Section 1717 purposes.  *Turner v. Schultz*, 175 Cal. App. 4th 974, 979-80 (2009).  This conversion claim for the April Artworks is thus "on the contract" within the meaning of Section 1717 because it relies on the sales contract to give Minor title to the artwork once he had paid in full.  California courts have upheld this interpretation of Section 1717 and awarded attorney's fees for conversion claims where the basis was on the contract. *Mustachio v. Great Western Bank*, 48 Cal. App. 4th 1145, 1151 (1996).

*Second*, Christie's argues that Minor should not be allowed attorney's fees because he did not submit the April Artworks contract into evidence during the jury trial (Christie's Attorney's Fees Opp. 5-6).  The Supreme Court has held that when parties maintain a certain legal position, they cannot subsequently assume a contrary position because their interests have changed. *Zedner v. United States*, 547 U.S. 489, 503 (2006).  But Minor's assertion that the conditions of sale granted him the contractual right to ownership of the April Artworks is *not* contrary to his claim for conversion, because the contract provided *a basis* for the conversion claim.  The two are merely different theories for the same assertion that the painting should be in his possession because he paid for it.  The terms of April Artworks were used as part of Minor's argument for

conversion (Tr. 601-03).  Therefore, Minor's prevailing claim for conversion can be construed as "on the contract," making Section 1717 applicable and granting him attorney's fees under a reciprocal reading of the attorney's fees clause.

### 4.   MINOR'S ATTORNEY'S FEES FOR THE PRINCE ARTWORKS.

Minor contends that he is also entitled to attorney's fees for the Prince Artworks based Christie's affirmative defense that, under the May Artworks' conditions of sale, Christie's was entitled to keep the Prince Artworks as security because Minor did not pay for the May Artworks. This is not a valid basis for attorney's fees.  While Minor prevailed on his claim for an implied contract of bailment for the Prince Artworks, unlike the conditions of sale for the April, May, and July Artworks, the implied contract of bailment did *not* contain a provision for attorney's fees. Therefore, he is not entitled to attorney's fees on the basis of the implied contract, and must argue that he is entitled to attorney's fees because Christie's used the May Artworks' conditions of sale as an affirmative defense against his claims for the Prince Artworks (Christie's Ans. ¶ 50).  The conditions of sale for the May Artworks provided in pertinent part:

> "If the buyer fails to make a payment in full in good cleared funds . . . we shall be entitled in our absolute discretion to exercise one or more of the following remedies . . . (ix) to exercise all the rights and remedies of a person holding *security over any property in our possession owned by the buyer*, whether by way of pledge, security, or by *any other way* . . . . The buyer will be deemed to have granted such security to us and we may retain such property as collateral security for such buyer's obligation to us"

(Allen Decl. Exh. A at 3) (emphasis added).

Minor argues that he should be entitled to attorney's fees because prevailing parties are entitled to attorney's fees, even if they use the contract defensively.  This occurred in *Thompson v. Miller*, where the California appellate court reversed the lower court and allowed the prevailing party to collect attorney's fees because he prevailed on a contract-based defense.  112 Cal. App. 4th 327, 334-37 (2003).  In *Thompson* and in other cases, the parties were only granted attorney's fees when they prevailed on the defensive contract argument; the case does not stand for the proposition that any time a contract is used defensively the prevailing party must be granted attorney's fees.  Attorney's fees are granted  only when the contract and noncontract claims are so interrelated that a party must prevail on the contract-based defense in order to prevail on other

1 claims. *Shadoan v. World Savings & Loan Assoc.*, 219 Cal. App. 97, 107-109 (1990); *Wagner v.*

2 *Benson*, 101 Cal. App. 3d 27, 37 (1980).

3     In the instant case, Minor prevailed on his claims for the Prince Artworks, and the jury

4 respected the idea, fully poised for decision by the instructions, whether the conditions of sale had

5 any relationship to the Prince Artworks.  This claim was *not* inextricably intertwined with

6 Christie's contract-based affirmative defense of the May Artwork's conditions of sale.  Having

7 persuaded one jury that the conditions of sale did not reach the Prince matter, Minor cannot

8 reverse field and pretend that those same terms allow him to recover fees on the very same matter.

9 Minor is not entitled to attorney's fees for his Prince Artworks claims.

**CONCLUSION**

11     For the foregoing reasons, Christie's Inc.'s motion for attorney's fees for the May and July

12 Artworks is **GRANTED**, Minor's motion for attorney's fees for the April Artworks is **GRANTED**,

13 and Minor's motion for attorney's fees for the Prince Artworks is **DENIED**. The hearing on

14 **THURSDAY, JULY 15, 2010 AT 8:00 A.M.**, is hereby **VACATED**.

15     Both sides will have to apportion their overall fees so as to isolate only recoverable items.

16 In the Court's tentative view, only about one-third of defendant's case was directed at recoverable

17 items, and only about one-fourth of plaintiff's case was directed at recoverable items.  These are

18 only estimates.  A companion order will give further direction.

19     Additionally, this order emphasizes that any award of attorney's fees to plaintiff is due to

20 *plaintiff*, not counsel.  As such, any such award to Minor will be potentially subject to any lawful

21 process for garnishment or attachment.  It is therefore subject to the undersigned's previous order

22 that notice of any settlement or compromise between the parties must be given to both the Court

23 and Sotheby's before it is implemented (Dkt. No. 170).

24

25     **IT IS SO ORDERED.**

26

27 Dated: July 12, 2010.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California