**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALSEY MINOR, an individual, | |
| Plaintiff, | No. C 08-05445 WHA (Lead Case) |
| v. | Consolidated with: |
| CHRISTIE'S INC., a New York corporation, and DOES 1 through 20, inclusive, | No. C 09-00471 WHA |
| Defendants. / | |
| AND RELATED COUNTERCLAIMS. / | **ORDER GRANTING MOTION TO ALTER OR AMEND JUDGMENT AND VACATING HEARING** |
| CHRISTIE, MANSON & WOODS, LTD., a United Kingdom corporation, | |
| Plaintiff, | |
| v. | |
| HALSEY MINOR, an individual, and ROES 1 through 20, inclusive, | |
| Defendants. / | |

**INTRODUCTION**

Pursuant to FRCP 56(e), defendant and counter-claimant Christie's Inc. and plaintiff Christie, Manson & Woods Ltd. (collectively, "Christie's") filed the instant motion to alter or amend the judgment entered on May 21. For the sake of clarity, this order refers to the parties as

1  "Christie's" and "Minor." Christie's seeks to include prejudgment interest on its two awards for

2  breach of contract. For the reasons stated below, the motion is **GRANTED**.

## STATEMENT

This dispute began when plaintiff Halsey Minor sued defendant Christie's Inc. for wrongfully refusing to return seven Richard Prince original artworks ("Prince artworks") that plaintiff owned from May until November 2008 (Minor Compl. ¶¶ 7–17). Minor also claimed that although he was the highest bidder for artworks at an April 2008 auction ("April artworks") and had paid for them in full, Christie's had not delivered them. Christie's counterclaimed that Minor had failed to pay for three artworks ("May artworks") for which he was the highest bidder at a May 2008 auction (Christie's Opp. 12). Christie, Manson & Woods Ltd., the London branch of Christie's, then filed a complaint against Minor for failing to pay for two artworks for which he was the highest bidder at a London auction in July 2008 ("July artworks") (Christie's Compl. ¶¶ 7–14). The second action was consolidated with the first, and the case went to trial.

At trial, Christie's prevailed on its breach of contract claims for the May and July artworks. It was awarded $417,000 and $994,716.06, respectively. Minor prevailed on his claims for breach of contract, conversion, and fraud for the Prince artworks, and was awarded $8,570,000. He was also awarded $1.00 in nominal damages for his claim of conversion for the April artworks (Dkt. No. 131). Christie's requested to add contractually stipulated late fees to the award, but the request was denied. Christie's now seeks prejudgment interest on the amounts the jury found Minor was contractually obligated to pay to Christie's but failed to pay.

## ANALYSIS

In federal diversity actions, state law determines recoverability of prejudgment interest. *In re Exxon Valdez*, 484 F.3d 1098, 1101 (9th Cir. 2007). California Civil Code § 3287 provides in pertinent part:

> (a) Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt. This section is applicable to recovery of damages and interest from any such debtor, including the state or

> any county, city, city and county, municipal corporation, public district, public agency, or any political subdivision of the state.
>
> (b) Every person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed.

Cal. Civ. Code § 3287.

The test for determining certainty is whether or not the defendant actually knew how much he owed, or could have computed the amount from reasonably available information. *Chesapeake Indus., Inc. v. Togova Enters., Inc.*, 149 Cal. App. 3d 901, 907 (1983). This requirement reflects a general belief that a defendant should not be required to pay a penalty on a sum he could not ascertain prior to judgment.

The conditions of sale that bound Minor stated that the buyer was obligated to pay a buyer's premium and provided the formula for calculating it:

> In addition to the hammer price, the buyer agrees to pay us the buyer's premium together with any applicable value added tax, sales or compensating use tax or equivalent tax in the place of sale. The buyer's premium is 25% of the final bid price of each lot up to and including $20,000, 20% of the excess of the hammer price above $20,000 and up to and including $500,000 and 12% of the excess of the hammer price above $500,000.

(Dkt. No. 8 at 20). Had the sale of the artworks proceeded as planned, Christie's only would have been entitled to keep the buyer's premium, not the full purchase price. As such, the final charge to the jury limited Christie's damages to the buyer's premium (Dkt. No. 125 at 20). When Minor bid on the May and July artworks, he was aware of the amounts he bid and could have easily calculated the buyer's premium given the formula provided. At the time Christie's filed its counterclaim, Minor had full knowledge of the contract's terms, including his liability for the buyer's premium and how to calculate it. The sum of damages was capable of being made certain by calculation, and Christie's is therefore entitled to prejudgment interest.

Minor argues that an award of prejudgment interest is improper because the damages awarded were uncertain and only a fraction of the amount Christie's originally sought (Opp. 2). He cites this Court in *ASUS Computer Int'l v. Compsolutions VA, Inc.* and the court of appeal in *Wisper Corp. N.V. v. California Commerce Bank* to show that prejudgment interest has

3

been denied where a plaintiff received only 25 or 26 percent of the original damages claimed. *See* No. C 07-02204 WHA, 2008 WL 2344819 at *4; 49 Cal. App. 4th 948 (1996). He then contends that Christie's $417,000 award was less than seven percent of the over $6,081,773.60 in damages Christie's initially sought; and that the $994,716.06 awarded was less than sixteen percent of the $6,339,687.40 originally claimed (Opp. 4, 8).

In fact, however, Christie's was awarded 100 percent of the damages sought for the July artworks ($994,716.06) and 65 percent of the damages sought for the May artworks ($417,000 out of $637,000) once the undersigned limited the damages to the buyer's premium. As explained above, the damages were entirely calculable by Minor before trial because he possessed all the figures required to determine the buyer's premium. And contrary to Minor's position, that the jury granted an award smaller than that sought for the May artworks does not render damages incalculable. The jury must be presumed to have applied the buyer's premium formula provided in the contract, and their award of 65 percent of what Christie's sought does not negate the calculable nature of the damages. Furthermore, *ASUS* is distinguishable because the Court in that order found a much larger discrepancy between the amount of damages sought and the amount awarded. *See ASUS*, No. C 07-02204 WHA, 2008 WL 2344819 at *4. *Wisper* is also distinguishable from the instant action in that "only one element of the claim was certain until the jury made its findings." *Wisper*, 49 Cal. App. 4th at 961. In contrast, this order finds that the discrepancy involving the May artworks award does not preclude recovery, and that the damages were fully calculable before trial. Prejudgment interest is warranted.

Unless specified in the contract, the rate of interest is ten percent per annum from the date of breach. Cal. Civ. Code § 3289. Given that the contract does not specify the interest rate, the default rate applies. Christie's is entitled to prejudgment interest at a rate of ten percent from the date of breach — August 20, 2008, for the $417,000 award and October 4, 2008, for the $994,716.06 award — until the date of the amended judgment. This amounts to $80,086.85 and $178,776.37 in prejudgment interest.

4

**CONCLUSION**

For the foregoing reasons, Christie's motion to alter or amend the judgment is **GRANTED**. Christie's is entitled to an award of prejudgment interest as set forth above. The hearing scheduled for August 5, 2010, is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: July 22, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE