**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALSEY MINOR, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>CHRISTIE'S INC., a New York corporation, and DOES 1 through 20, inclusive,<br><br>    Defendants.<br>_____/<br>CHRISTIE'S, INC., a New York corporation,<br><br>    Counterclaimant,<br><br>  v.<br><br>HALSEY MINOR, an individual, and ROES 1 through 20, inclusive,<br><br>    Counterdefendants.<br>_____/ | No. C 08-05445 WHA<br><br>and<br><br>No. C 09-00471 WHA<br><br><br>**ORDER APPOINTING ATTORNEY ELLEN EAGEN AS SPECIAL MASTER** |

On June 12, 2010, an order set forth the procedure by which reasonable attorney's fees and costs would be determined in this dispute (Dkt. No. 181). Pursuant to this order, the parties filed detailed declarations regarding the reasonableness of their respective requests for attorney's fees and costs, as well as oppositions to their opponents' filings. The parties then met and conferred to attempt to settle the matter. These efforts failed. A special master was then agreed

1  upon by the parties and appointed under FRCP 53 to preside over and resolve the dispute over
2  attorney's fees and costs (Dkt. No. 225). For various reasons, however, the special master
3  requested to withdraw from the matter and his appointment was vacated on October 21 (Dkt. No.
4  234). The parties were then asked to agree upon and propose a new special master. No
5  agreement was reached.

6  This order finds that referral of the determination of the reasonableness of the amount of
7  attorney's fees and costs to a special master appointed under FRCP 53 is warranted and should be
8  accomplished, to the extent possible, by someone other than the judge to whom this litigation has
9  been assigned. Accordingly, Attorney Ellen Eagen of Hiscock & Barclay LLP ((315) 425-2857)
10 is hereby **APPOINTED** under FRCP 53 as special master in this action to resolve the parties'
11 lingering dispute over reasonable attorney's fees and taxable costs.

12 The special master shall have all the powers set forth in FRCP 53(c) and FRCP
13 54(d)(2)(D). As set forth in the July 12 order, the parties shall provide the special master with
14 copies of all motion papers and other documents relevant to this dispute. The special master shall
15 review the briefs and declarations by the parties on the pending motion, hear argument (via
16 conference call if appropriate), and then determine a reasonable amount to award, including any
17 fees on fees. Absent any supplementation requested by the special master, the foregoing
18 submissions (together with the briefs already filed) shall be the entire record for the motion.
19 There will be no replies unless requested by the special master. Any further submissions
20 requested by the special master should not be filed with the Court. If objections are later made to
21 the special master's report, the objecting party must file a declaration that includes a complete
22 appendix of relevant communications with the special master.

23 The special master must make findings of fact and conclusions of law with respect to the
24 matters presented by the parties. The special master shall then prepare and file a report on
25 recommended findings and amount. This report must be completed and filed by **DECEMBER 10,**
26 **2010**. Unless directed by the Court or believed advisable by the special master, the report should
27 not be accompanied by a transcript of the proceedings, the evidence, or the exhibits. Such parts
28 of the report, if any, as may be confidential must be filed under seal unless otherwise ordered.

The fees of the special master will be allocated in a fair and reasonable manner, taking into account the reasonableness of the parties' respective positions and the special master's recommendation in this regard. The special master's compensation shall be deducted from the attorney's fees awarded. The Court will, however, reserve final judgment on allocation of the expense of the special master until a final determination of the fee issue. A final award shall then be entered. With respect to taxable costs, they will be determined in strict compliance with the local rules. Given that taxable costs are disputed, the resolution of this dispute shall also be referred to the special master.

Finally, the special master may employ other persons to provide clerical and secretarial assistance. Such persons, however, must be under the supervision and control of the special master, who must take appropriate action to insure that such persons preserve the confidentiality of matters submitted to the special master for review. Final allocation of these amounts must be subject to taxation as costs at the conclusion of the case.

The Clerk shall ensure that a copy of this order is mailed to the special master and to Halsey Minor (who is currently representing himself and is not receiving electronic service of documents via ECF).

**IT IS SO ORDERED.**

Dated: November 5, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE